UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | |
|---|---|
| MARY E. DAVIS-BROWN, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. CV416-240 |
| | ) |
| MARTON J. GRUENBER, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Proceeding *pro* se, plaintiffs Mary Davis Brown, Walter Brown, Jr., B's Thoroughbred Motors, and Wheaton Street Business Exchange filed this civil rights action under 42 U.S.C. § 1983 against several apparently unrelated defendants: the Federal Deposit Insurance Corporation (FDIC), Marton J. Gruenber (agency executive), Seneca Mortgage Servicing, James Depalm (president of Senecca Mortgage Servicing), and Susan Reid (general counsel at the Law Firm of McCalla Raymer, LLC). Doc. 1.

Plaintiffs allege violations of the First and Fourteenth Amendments, the Georgia Constitution, the Americans with Disabilities

Act (ADA), and the Health Insurance Portability Accountability Act (HIPPA), as well as a claim for breach of contract, and seek $7,000,000 in damages plus attorney's fees and costs of litigation. *Id.* The Court would ordinarily preliminarily screen their Complaint,[1] but it must pause because of an apparent Fed. R. Civ. P. 11(a) violation:

> Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name -- or by a party personally if the party is unrepresented. The paper must state the signer's address, e-mail address, and telephone number. Unless a rule or statute specifically states otherwise, a pleading need not be verified or accompanied by an affidavit. The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention.

Rule 11(a).

No one has signed the Complaint. Doc. 1. Also, because each plaintiff here is proceeding *pro se*, none has any authority to represent the legal interest of any other party. *See FuQua v. Massey*, 615 F. App'x 611 (11th Cir. 2015) (right of parties to appear *pro se* is limited to parties

---

[1] District courts have the inherent power to dismiss *sua sponte* frivolous lawsuits, even those where the plaintiff pays the full filing fee. *See Cuyler v. Aurora Loan Services, LLC*, 2012 WL 10488184 at * 2 (11th Cir. 2012) (notwithstanding filing fee payment, "a district court has the inherent authority to dismiss a patently frivolous complaint"); *Jefferson Fourteenth Assocs. v. Wometco de Puerto Rico, Inc.*, 695 F.2d 524, 526 n.3 (11th Cir. 1983) (noting that courts may *sua sponte* dismiss actions for lacking merit "if the proper procedural steps are taken and if the determination is correct on the merits"); *Wilkerson v. Georgia*, 2014 WL 3644179 at * 1 (S.D. Ga. July 21, 2014) (dismissing *pro se* complaint on frivolity grounds even though plaintiff paid full filing fee), *rev'd on other grounds*, 618 F. App'x 610 (11th Cir. 2015).

2

conducting their own cases and does not extend to non-attorney parties representing the interests of other).

Hence, each plaintiff must sign his or her own name, thus signifying that they represent only themselves.

Within 14 days of the date this Order is served, then, the plaintiffs shall amend their Complaint[2] with a proper signature page. Failure to do so will likely be fatal to their claim. Rule 11(a) (courts "must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention"). Every filing thereafter must similarly abide by Rule 11(a)'s signature requirement. *See Bouttry v. United States*, 2012 WL 2153961 at *1 (S.D. Ga. June 13, 2012). And corporations can appear only through counsel. *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985) (a corporation "is an artificial entity that can act only through agents, cannot appear *pro se*, and must be represented by counsel"). Even when the person seeking to represent

---

[2] Plaintiffs are advised that their amended complaint will supersede the original complaint and therefore must be complete in itself. Once Plaintiffs file an amended complaint, the original pleading will no longer serve any function in the case. *See Malowney v. Fed. Collection Deposit Grp*, 193 F.3d 1342, 1345 n.1 (11th Cir. 1999) ("An amended complaint supersedes an original complaint"); *Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. & Canada*, 674 F.2d 1365, 1370 n.6 (11th Cir. 1982) ("As a general rule, an amended complaint supersedes and replaces the original complaint unless the amendment specifically refers to or adopts the earlier pleading").

the corporation is its president or major stockholder, the corporation *must* be represented by counsel. *Id.*

**SO ORDERED** this  14th   day of September, 2016.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA