# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| MARY E. DAVIS-BROWN, *et al.*, | ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | CV416-240 |
| FEDERAL DEPOSIT INSURANCE CORPORATION (FDIC), *et al.*, | ) ) ) ) | |
| Defendants. | ) | |

## **ORDER**

Proceeding *pro* se, plaintiffs Mary Davis Brown, Walter Brown, Jr., and B's Thoroughbred Motors filed this civil rights action under 42 U.S.C. § 1983 against the Federal Deposit Insurance Corporation (FDIC), Seneca Mortgage Servicing, and the Bank of New York Mellon Trust Company, N.A.[1] Doc. 3. Plaintiffs allege violations of the Fourteenth Amendment, the Americans with Disabilities Act (ADA), and the Rehabilitation Act, assert a claim for breach of contract, and seek damages plus attorney's fees and costs of litigation. *Id.* The Court now

---

[1] As plaintiffs no longer name defendants Marton J. Gruenber (agency executive), James Depalm (president of Seneca Mortgage Servicing), and Susan Reid (general counsel at the Law Firm of McCalla Raymer, LLC), *see* doc. 1 at 1, defendants Gruenber, Depalm, and Reid should now be **DISMISSED** from the case, the caption amended accordingly, and all subsequent filings should so conform.

preliminarily screens plaintiffs' complaint.[2]

## A. Background

Plaintiffs allege that in 2006 plaintiff Brown, Jr., opened a line of credit and obtained several loans with First National Bank, secured in part against a house on Capital Street in Savannah, Georgia. Doc. 3 at 2. Shortly thereafter, the FDIC closed First National and seized "files, customer accounts, and other documents." *Id.* FDIC officials met with plaintiffs and assured them "that their outstanding loans with the Bank would be placed at a much lower interest rate and terms." *Id.*

After Brown, Jr., became "disabled" (requiring a knee replacement), the "FDIC took advantage of this disability and colluded with defendant Seneca Mortgage Service to have Seneca acquire the loans with onerous terms imposed upon plaintiffs." *Id.* at 2-3. In 2015, plaintiffs negotiated an agreement with Seneca to avoid foreclosure on the Capital

---

[2] District courts have the inherent power to dismiss *sua sponte* frivolous lawsuits, even those where the plaintiff pays the full filing fee. *See Cuyler v. Aurora Loan Services, LLC*, 2012 WL 10488184 at * 2 (11th Cir. 2012) (notwithstanding filing fee payment, "a district court has the inherent authority to dismiss a patently frivolous complaint"); *Jefferson Fourteenth Assocs. v. Wometco de Puerto Rico, Inc.*, 695 F.2d 524, 526 n. 3 (11th Cir. 1983) (noting that courts may *sua sponte* dismiss actions for lacking merit "if the proper procedural steps are taken and if the determination is correct on the merits"); *Wilkerson v. Georgia*, 2014 WL 3644179 at * 1 (S.D. Ga. July 21, 2014) (dismissing *pro se* complaint on frivolity grounds even though plaintiff paid full filing fee), *rev'd on other grounds* 618 F. App'x 610 (11th Cir. 2015).

Street home. Because of disagreements about the interest rates, several modifications of the agreement ensued, and plaintiffs continued making their payments. Seneca then foreclosed upon the property in August 2016.

**B. Analysis**

Courts are obligated to liberally construe *pro se* complaints, but they may not serve "as *de facto* counsel for the litigant or rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014). Here, plaintiffs haven't given the Court much in support of their federal claims. Although mostly factual (a good thing), their recitation of events tells the Court nothing about how each defendant violated the Fourteenth Amendment, the ADA, or the Rehabilitation Act.

**1. ADA and Rehabilitation Act**

The ADA and the Rehabilitation Act are federal laws that both broadly protect disabled individuals from adverse actions motivated by their disability. *See* 28 U.S.C. § 12101 *et seq.* (ADA), 29 U.S.C. § 701 *et seq.* (Rehabilitation Act). There is *nothing* in the complaint indicating either plaintiff was: (1) "disabled" or "handicapped" within the meaning

of the Acts; (2) employed by any of the defendants; or (3) adversely treated solely because of his or her handicap in violation of the Acts. Plaintiffs plead no facts to connect Brown, Jr.'s knee-replacement with the foreclosure action, much less establish how either Act applies to a foreclosure action. *See Baylor v. Day-Petrano*, 2013 WL 1010754 (N.D. Fla. Feb. 22, 2103) (noting the ADA has nothing to do with foreclosures), *aff'd* 596 F. App'x 741 (11th Cir. 2014). These claims are dead in the water.

1. **Fourteenth Amendment**

Plaintiffs do not allege that defendants Seneca and the Bank of New York are state actors. Because the Fourteenth Amendment applies only to government action, not purely private conduct, there is no legal basis to pursue a claim for violation of the Fourteenth Amendment against these defendants. *See Littlejohn v. Citimortgage Inc.*, 2016 WL 1638237 at *4 (M.D. Fla. Feb. 3, 2016), *adopted*, 2016 WL 1627076 (M.D. Fla. Apr. 25, 2016) (citing *Jagla v. Lasalle Bank*, 253 F. App'x 597, 599 (7th Cir. 2007)).

And plaintiffs have failed to demonstrate that they are entitled to pursue a due process claim against defendant FDIC, as there is no indication that they first exhausted the requisite FDIC administrative

4

claims process. *See* 12 U.S.C. § 1821; *Placida Prof. Center, LLC v. F.D.I.C.*, 512 F. App'x 938, 948-49 (11th Cir. 2013) (plaintiff could seek judicial review *only* after exhausting administrative claims process prior to foreclosure); *Freeman v. F.D.I.C.*, 56 F.3d 1394, 1402-03 (D.C. Cir. 1995) (while plaintiffs had a "constitutionally protected interest in their home," and were "entitled to pre-deprivation notice and opportunity to be heard," their failure to pursue administrative remedies under §§ 1821(d) and (j) prior to foreclosure barred judicial review of their foreclosure proceedings).

### 3. Breach of Contract

Finally, just like foreclosure proceedings in general, breach of contract actions are ordinarily creatures of state law. For a federal court to acquire jurisdiction over such a state law claim, plaintiffs' complaint must either arise under federal law or diversity jurisdiction requirements must be met. 28 U.S.C. §§ 1331 and 1332. As discussed above, there is no federal claim, but -- as currently pled, at least -- there is complete diversity between the parties. It is unclear, however, that plaintiffs have shown that they can sustain a breach of contract claim. They had an obligation to continue making mortgage and loan payments they knew

5

they owed, and *any* nonpayment is fatal to their claim for breach of contract "as [their] alleged injury was solely attributable to [their] own acts or omissions." *Rourk v. Bank of American Nat. Ass'n*, 587 F. App's 597, 600 (11th Cir. 2014) (quoting *Heritage Creek Dev. Corp. v. Colonial Bank*, 268 Ga. App. 369 (2004). Plaintiffs acknowledge that on at least one occasion in 2015 foreclosure proceedings were initiated for nonpayment, which forced them to negotiate a payment plan. As pled, the amended complaint fails to show that they made *all* payments owed and therefore are without fault in the initiation of foreclosure proceedings.

### 4. Leave to Amend

Nevertheless, because of their *pro se* status, and in view of Fed. R. Civ. P. 15(a)'s admonition that leave to amend shall be freely given "when justice so requires," the Court will afford plaintiffs another crack at explaining the facts surrounding their claims. This time, however, they must include a *coherent* "short and plain statement of the claim *showing*" that they are entitled to the relief sought. Fed. R. Civ. P. 8(a)(2) (emphasis added). That means plaintiffs must present the Court with the factual allegations that support their constitutional and

6

discrimination claims. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (complaints must contain factual allegations "sufficient to raise a right to relief above the speculative level"). Mere conclusions that defendants violated the law are not enough. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To that end, plaintiffs are **ORDERED** to file an Amended Complaint within 21 days of the day this Order is served or face a recommendation of dismissal. The Amended Complaint must contain facts establishing *each* claim against *each* defendant. Plaintiffs are advised that their amended complaint will supersede the original complaint and therefore must be complete in and of itself.[3] Once they file an amended complaint, the original complaint will no longer serve any function in the case.

**5  Corporations Must Be Represented By Counsel**

Lastly, plaintiff B's Thoroughbred Motors *cannot* continue to be a party in this case unless it is represented by an attorney. *Palazzo v. Gulf*

---

[3]  *See Malowney v. Fed. Collection Deposit Grp*, 193 F.3d 1342, 1345 n. 1 (11th Cir. 1999) ("An amended complaint supersedes an original complaint"); *Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. & Canada*, 674 F.2d 1365, 1370 n. 6 (11th Cir. 1982) ("As a general rule, an amended complaint supersedes and replaces the original complaint unless the amendment specifically refers to or adopts the earlier pleading").

*Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985) (a corporation or partnership may only be represented by licensed counsel in a judicial proceeding). Plaintiff Brown, Jr., signing on its behalf as its "registered agent," will not suffice. *Id.* at 1386 (a corporation's claims cannot be assigned to its *pro se* co-plaintiff). The Court cannot and will not entertain any pleadings filed by plaintiff B's Thoroughbred until it has obtained counsel. *See N. Augusta Mgmt. Grp., LLC v. Sw. Golf Grp., Inc.*, No. CV 110-061, 2011 WL 1151128, at *1 (S.D. Ga. Mar. 28, 2011).[4]

**SO ORDERED** this __4th__ day of October, 2016.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[4] As plaintiff Wheaton Street Business Exchange is no longer listed as a plaintiff in the amended complaint, it does not need to be represented by counsel. Along with defendants Gruenber, Depalm, and Reid, *see supra*, fn. 1, plaintiff Wheaton Street should now be **DISMISSED** (leaving Mary Davis Brown and Walter Brown, Jr. as the only plaintiffs), the caption amended accordingly, and all subsequent filings should so conform.

8